UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN RUTTER,<br>Plaintiff,<br>v.<br>ROSEBURG FOREST PRODUCTS CO.,<br>Defendant. | No. 2:25-cv-02211-DAD-ICD<br><br><u>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT</u><br><br>(Doc. No. 11) |

This matter is before the court on plaintiff's motion to amend the complaint and request to remand this action to the Siskiyou County Superior Court. (Doc. No. 11.) For the reasons explained below, the court will grant plaintiff's motion to amend his complaint. The court intends to remand this case to the Siskiyou County Superior Court once plaintiff files his first amended complaint.

**BACKGROUND**

On June 13, 2025 plaintiff filed his complaint initiating this action against his former employer, defendant Roseburg Forest Products Co. ("defendant") and unnamed defendants Does 1 through 100 in the Siskiyou County Superior Court. (Doc. No. 1-2 at 2.) On August 8, 2025, defendant removed this action to this federal court pursuant to the court's diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. No. 1 at 2.) The parties do not dispute that plaintiff is a citizen of California (Doc. No. 1-2 at ¶ 1), that defendant is incorporated and has its

principal place of business in Oregon such that it is a citizen of Oregon, and that the amount in controversy is greater than $75,000. (Doc. No. 1 at 2–4.) In his currently operative complaint, plaintiff alleges as follows.

Defendant employed plaintiff from May 2004 to July 30, 2024 as a full-time Millwright.[1] (Doc. No. 1-2 at ¶ 13.) Plaintiff had an exemplary employment record. (*Id.*) On or about July 8, 22, 23, 24, 25, and 29, 2024, plaintiff took approved time off work. (*Id.* at ¶ 14.) Plaintiff was terminated on July 30, 2024. (*Id.*)

Throughout plaintiff's employment, multiple supervisors, managers, and coworkers repeatedly made demeaning remarks about his age and persistently questioned plaintiff about his intent to retire which caused plaintiff significant stress and anxiety. (*Id.* at ¶ 15.) Specifically, plaintiff's supervisor "Greg" suggested that plaintiff should retire and made remarks that belittled plaintiff such as "You need to find an easier job; this one is too hard for your age," or "You are too old—you need to retire." (*Id.* at ¶ 16.) Another supervisor, "Marco," consistently called plaintiff old and said that "he needed to retire because he was too old." (*Id.* at ¶ 17.) A third supervisor, Mark Paoli, called plaintiff an old man who needs to retire. (*Id.*) Additionally, a "lead," named "Eric" "mocked Plaintiff and stated, 'You need to retire—you're too old. You should bulk up and go to the gym.'" (*Id.* at ¶ 18.) Further, one of plaintiff's co-workers, Korry Tobin, made statements to plaintiff such as "You're an old man" or "You are old and too slow." (*Id.* at ¶ 19.) Plaintiff is 51 years old and one of the oldest employees, if not the oldest employee at the company. (*Id.* at ¶ 23.) Two individuals under the age of 40 were hired to replace plaintiff. (*Id.* at ¶ 21.)

In addition, plaintiff repeatedly complained about safety issues and despite weekly safety complaints to his lead and supervisor, no corrective action was taken to address the safety issues. (*Id.* at ¶ 22.)

Based on these allegations, plaintiff asserts the following causes of action: (1) Discrimination and Wrongful Termination Based on Age in Violation of the California Fair

[1] "A Millwright is one who performs maintenance on the various machines at the [mill in Weed, California] and does other labor projects as needed." (Doc. No. 11-1 at 30.)

Employment and Housing Act ("FEHA"); (2) Whistle-Blower Retaliation and Wrongful Termination in Violation of California Labor Code §1102.5; (3) Failure to Prevent Discrimination and Harassment; and (4) Wrongful Termination in Violation of Public Policy. (*Id.* at ¶¶ 24–62.)

In his proposed first amended complaint ("FAC"), plaintiff seeks to join five California residents as individual defendants, Korry Tobin, Eric Wafford, Mark Paoli, Marco Luquin, and Greg Sisson ("proposed individual defendants") and to add the following factual allegations.

In or around July 2023, plaintiff began making comments to his supervisors Robbie Gorman and Marco Paoli that "stated outright and/or created the perception" that plaintiff was suffering from Alcohol Use Disorder. (Doc. No. 11-1 at ¶ 68.) Plaintiff would occasionally take "several days off from work," during which time his supervisors and coworkers would bet on how long he would be out due to drinking alcohol. (*Id.* at ¶ 69.) If asked why he was taking time off work, plaintiff said he was having problems at home, which was understood to mean he had been drinking alcohol. (*Id.*) Defendant and/or "the Union" provides employees with rehabilitation programs for alcoholism but plaintiff was not offered a rehabilitation program until after he was terminated. (*Id.* at ¶ 70.) When plaintiff requested time off on July 8, 22, 23, 24, 25, and 29, 2024, his supervisor was aware that he was having a flare up related to his Alcohol Use Disorder, as alleged on information and belief, and plaintiff was terminated due to taking time off related to his disability. (*Id.* at ¶ 71.) Shortly after his termination, plaintiff filed a grievance with the Union, and one of his supervisors suggested he undergo treatment related to his Alcohol Use Disorder. (*Id.* at ¶ 72.) Plaintiff underwent treatment in or around August and September 2024, but, despite several attempts, was unable to retain his position and seniority level as an employee with defendant. (*Id.* at ¶ 73.) Defendant should have but failed to provide reasonable accommodation for plaintiff's Alcohol Use Disorder. (*Id.* at ¶¶ 83–88.)

The harassing comments made relating to plaintiff's age were made throughout his employment, and specifically during the last year of his employment with defendant. (*Id.* at ¶ 74.)

Plaintiff also seeks to add two causes of action against all existing and proposed new defendants: (1) Harassment in violation of California Government Code §§ 12940 *et. seq.*; and

(2) Declaratory Relief. Plaintiff seeks to add three causes of action against defendant Roseburg and Does 1 through 100: (1) Failure to Provide Reasonable Accommodations in Violation of Government Code §§ 12940 *et seq.*; (2) Failure to Engage in a Good Faith Interactive process in Violation of California Government Code §§ 12940 *et seq.*; and (3) Failure to Hire and/or Re-Hire. (*Id.* at ¶¶ 103–113; 134–149; 164–173.)

On February 10, 2026, plaintiff filed the pending motion for leave to amend his complaint. (Doc. No. 11.) On February 24, 2026, defendant filed its opposition thereto. (Doc. No. 14.) On March 6, 2026, plaintiff filed his reply in support of his motion to amend the complaint. (Doc. No. 17.)

## LEGAL STANDARD

### A. Subject Matter Jurisdiction

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

**B. Leave to Amend**

There has been some disagreement among district courts regarding whether amendment to add a nondiverse defendant is governed by Rule 15(a), which generally governs motions for leave to amend, or by § 1447(e), which specifically concerns joinder of a non-diverse defendant following removal. *See, e.g.*, *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014) (stating that "[t]here is a split in authorities" and collecting cases that similarly refer to a split of authority). This court has previously chosen to analyze amendment of claims to add a non-diverse defendant under § 1447(e) as it "permits courts to determine whether any amendment as of right to add non-diverse defendants is intended to destroy diversity jurisdiction or otherwise thwart federal jurisdiction and allows courts to consider the full context of the attempted joinder of a non-diverse defendant." *Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *3 n.1 (E.D. Cal. Dec. 8, 2020); *see also Crippen v. Int'l Paper Co.*, No. 2:23-cv-01107-DAD-CKD, 2024 WL 1181367, at *3 (E.D. Cal. Mar. 19, 2024). For these same reasons, the court will again apply the § 1447(e) factors here.

According to § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Whether to permit joinder of a party that will destroy diversity remains in the sound discretion of the court after consideration of six factors:

> (1) [W]hether the party to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been an unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Macut by & through Mebane v. Wabash Nat'l Corp.*, No. 1:22-cv-00231-JLT-CDB, 2022 WL 17752116, at *2 (E.D. Cal. Dec. 19, 2022) (citations omitted).

/////

/////

**ANALYSIS**

**A. Motion to File First Amended Complaint**

Plaintiff requests leave to amend pursuant to Federal Rule of Civil Procedure 15(a) to add five new causes of action and join the proposed individual defendants. (Doc. No. 11 at 10; Doc. No. 11-1 at ¶¶ 90–184.) Plaintiff alleges in his proposed FAC on information and belief that the proposed individual defendants are California residents, such that their joinder would destroy diversity. (Doc. No. 11 at 7; Doc. No. 11-1 at ¶¶ 1–7.) In opposition, defendant argues that the court should deny plaintiff's motion to amend because the § 1447(e) factors weigh against the court permitting plaintiff to amend. (Doc. No. 14 at 7.)

1. Need for Joinder under Rule 19(a)

In determining whether to permit joinder of a non-diverse party after removal, the court considers whether the added party would meet Rule 19's standard for a necessary party. *Jones v. Thyssenkrupp Elevator*, No. 05-cv-03539-EMC, 2005 WL 8177458, at *17 n.5 (N.D. Cal. Dec. 22, 2005). A proper party for joinder under Rule 19(a) is one "having an interest in the controversy, and who ought to be made a party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *CP Natl. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir.1991)).

Plaintiff argues that the proposed individual defendants are necessary parties because in some cases the personal liability of individuals may not be covered by employer indemnification. (Doc. No. 11 at 13.) Plaintiff further argues that failure to join the proposed individual defendants could result in a failure to accord complete relief among the existing parties and result in inconsistent obligations. (*Id.*) Defendant argues that the proposed individual defendants are not necessary parties because plaintiff can obtain complete relief from defendant, who is vicariously liable for its employee's actions. (Doc. No. 14 at 7.) In reply, plaintiff argues that the proposed individual defendants may be held personally liable for their alleged harassing conduct, which in some cases may not be covered by employer liability, and if joinder is denied, plaintiff

could file a redundant action in state court against the proposed individual defendants. (Doc. No. 17 at 8.)

In his proposed FAC, plaintiff seeks punitive damages as to all defendants.

> Punitive damages are available for violations of FEHA "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a); *Commodore Home Sys., Inc. v. Superior Court*, 32 Cal. 3d 211, 215 (1982). As is the case here, where the defendant is a corporate employer, the "authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b). In passing this section as written, "[t]he drafters' goals were to avoid imposing punitive damages on employers who were merely negligent or reckless and to distinguish ordinary respondeat superior liability from corporate liability for punitive damages." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 572 (1999).

*Mewborn v. Abbott Laboratories*, No. 18-cv-08732-DSF-PLA, 2021 WL 4622396, at *14 (C.D. Cal. June 8, 2021). Given the additional proof required for plaintiff to recover punitive damages, plaintiff may not be able to receive a full recovery if the proposed individual defendants are not joined. *See Li v. Wells Fargo Bank, N.A.*, No. 24-cv-04577-JSC, 2024 WL 5191976, at *4 (N.D. Cal. Dec. 20, 2024) (holding that plaintiff may not be able to make full recovery unless she joined the non-diverse defendant in part because she was requesting punitive damages); *see also Leyva v. Old Dominion Freight Line, Inc.*, No. 24-cv-05234-PSG-BFM, 2024 WL 4133022, at *3 (C.D. Cal. Sept. 10, 2024) (finding that "it is entirely possible" that an individual defendant could be held personally liable while the employer defendant did not act negligently, and "therefore complete relief is uncertain in [the individual defendant's] absence"). The court therefore finds that consideration of this factor weighs in favor of permitting joinder.

2. Whether the Statute of Limitations Would Preclude a New Action in State Court

As for the second factor, joinder is favored if plaintiff would be time-barred from bringing a new action against the proposed individual defendants. *See Rosas v. NFI Indus.*, No. 2:21-cv-00046-WBS-CKD, 2021 WL 1264921, at *3 (E.D. Cal. Apr. 6, 2021) (finding that this factor weighed against joinder because plaintiff was "well within the three-year statute of limitations"). Plaintiff concedes that the statute of limitations for his proposed claims will not run until July

/////

2027. (Doc. No. 11 at 14.) Consideration of this factor therefore weighs against permitting joinder of the proposed individual defendants.

3. Timeliness of Joinder

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). "Generally, courts find delays of over six months after removal to be untimely." *Lara v. Bandit Indus., Inc.*, No. 2:12-cv-02459-MCE-AC, 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013). However, courts may not give this factor much weight if the case is in its early stages and the "delay does not appear to be prejudicial." *Puls v. Hobby Lobby Stores, Inc.*, No. 1:25-cv-02069-KES-CDB, 2026 WL 2641801, at *4 (E.D. Cal. Sept. 8, 2026); *see also Litzo v. Home Depot U.S.A., Inc.*, No. 2:26-cv-00098-DJC-CKD, 2026 WL 2532114, at *3 (E.D. Cal. Aug. 27, 2026) (finding this factor weighed in the plaintiff's favor where the plaintiff learned of the proposed defendant just over two months before filing the motion to amend and dispositive motions had not been filed).

Here, defendants removed this case to federal court on August 8, 2025. (Doc. No. 1.) Dispositive motions have not been filed and the case has not been the subject of a scheduling order. Plaintiff filed the pending motion to amend on February 10, 2026, just over six months after the case was removed. Plaintiff argues that this delay should be excused because current counsel did not become aware of the potential parties and claims until taking over the case in December 2025, and then waited to file the pending motion until she exhausted meet and confer efforts and completed investigation into the newly discovered disability discrimination claim. (Doc. No. 11 at 14.)

Courts have found that this factor weighs in favor of joinder when counsel provides a reasonable explanation for the delay. *See Camacho v. JLG Indus., Inc.*, No. 17-cv-01188-DOC-KES, 2017 WL 5495167, at *5 (C.D. Cal. Nov. 15, 2017) (finding that this factor weighed in favor of joinder because the plaintiffs provided reasonable explanation for any delay including that the plaintiff's counsel acted in good faith by "diligently reviewing the available materials before moving for joinder"). However, at least one court has found that the substitution of

counsel alone is insufficient to find that this factor weighs in favor of joinder. *See Jacques v. Bank of Am. Corp.*, No. 1:12-CV-00821-SAB, 2013 WL 3199027, at *4 (E.D. Cal. June 21, 2013) (finding this factor weighed against joinder where the plaintiff's counsel confirmed that the new claims being asserted were a result of "new counsel associating in for Plaintiff and was not the result of new evidence or facts recently discovered").

Defendant argues that plaintiff's explanations are pretextual because plaintiff identified the proposed individual defendants and alleged harassing conduct in the original complaint. (Doc. No. 14 at 8.) "[U]nder § 1447(e), [the] court has discretion to deny joinder of a party whose identity was ascertainable and thus could have been named in the first complaint." *Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15-cv-01140-ODW, 2015 WL 3889289, at *5 (C.D. Cal. June 24, 2015) (internal citations and quotations omitted). Plaintiff identified the proposed individual defendants, although without knowledge of all of their last names, in his original complaint and alleged their harassing conduct as it related to his age. (Doc. No. 1-2 at ¶¶ 16–19.) Plaintiff contends, and defendant does not appear to dispute, that plaintiff was not aware of the alleged disability discrimination at the time he filed his original complaint, and that such information came to light during informal discovery between the parties. (Doc. No. 11 at 14–15; Doc. No. 14 at 8–9.)

Courts have found that this factor weighs neutrally when the identity and involvement of the proposed defendants was known or should have been known at the time that plaintiff filed the original complaint but the amendment is otherwise timely. *See Crippen*, 2024 WL 1181367, at *5 (finding this factor was neutral when the delay was three months but the plaintiff knew the identity of the non-diverse defendant from the outset of the case); *Viveros v. Ford Motor Co.*, No. 21-cv-00527-TWR-BGS, 2021 WL 5989365, at *5–6 (S.D. Cal. July 28, 2021) (finding this factor to be neutral when the FAC was filed 44 days after the original complaint, but plaintiff was aware of the identity of the non-diverse defendant from the outset); *Garcia v. Ford Motor Co.*, No. 2:24-cv-00563-KJM-SCR, 2025 WL 314072, at *3 (E.D. Cal. Jan. 28, 2025) (finding this factor was neutral when amendment occurred within six months of filing the original complaint

/////

but the plaintiff could have pursued the negligent repair claim against the non-diverse defendant in the original pleading).

The court likewise finds that this factor weighs neutrally here because, while the delay was just over six months and the identity of the proposed individual defendants was known at the time plaintiff filed the original complaint, plaintiff's counsel's due diligence accounts for a little over a third of the delay, and the case is still in the early stages of litigation.

4. <u>Whether Joinder is Intended Solely to Defeat Jurisdiction</u>

For the fourth factor, the court evaluates the plaintiff's motive in seeking joinder of an additional defendant. *See IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)). Courts "should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank*, 623 F.2d at 1376. "However, suspicion of amendment for the purpose of destroying diversity is not an important factor in this analysis, as section 1447(e) gives courts flexibility in determining how to handle addition of diversity-destroying defendants." *Dordoni v. FCA US LLC*, No. 5:20-cv-01475-JGB-SHK, 2020 WL 6082132, at *4 (C.D. Cal. Oct. 15, 2020) (citing *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (noting that "[t]he legislative history to § 1447(e) . . . suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion")). Therefore, to evaluate a plaintiff's motivation the court must not operate off suspicion and should instead consider factors such as the plaintiff's awareness of removal, the timing of adding the new defendant, the changes made to the original complaint, and the validity of the claims brought against the new defendant. *Baker v. Nutrien Ag Sols., Inc.*, No. 1:21-cv-01490-DAD-SKO, 2022 WL 3142065, at *5–6 (E.D. Cal. Aug. 5, 2022).

Here, plaintiff was undoubtedly aware of removal as he filed his proposed FAC six months after defendant removed this case (Doc. No. 1), and he filed his motion to amend in this court (Doc. No. 11). *See Boon*, 229 F. Supp. 2d at 1024 (finding the plaintiffs were aware of removal because they were served with the notice of removal and filed the FAC in that court).

Courts evaluating a plaintiff's motive for joinder may consider whether the plaintiff provided an explanation as to the delay in asserting claims against the new defendant. *See Chan v. Bucephalus Alternative Energy Grp., LLC*, No. 08-cv-04537-JW, 2009 WL 1108744, at *5 (N.D. Cal. Apr. 24, 2009) (finding this factor weighed in favor of joinder where the plaintiff did not include the new defendant in her original complaint because she only recently learned the new defendant was not a member of the original defendant energy group). Here, as discussed above, plaintiff's counsel has represented that she took this case over from another attorney who was experiencing a family emergency, and that she learned of the additional facts relating to plaintiff's alcohol use following meet and confer efforts with opposing counsel. (Doc. No. 11 at 15.) This provides a limited explanation for plaintiff's delay in seeking joinder.[2]

Next, in considering motive for joinder, "courts have inferred an improper motive where the plaintiff's proposed amended complaint contained only minor or insignificant changes to the original complaint." *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2:16-cv-00949-CAS-KS, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016). In other words, courts evaluate whether

[2] In its statement of facts, defendant appear to argue that plaintiff's responses in their meet and confer efforts suggest an improper motive. (Doc. No. 14 at 3–6.) Specifically, after plaintiff filed his motion to amend, defense counsel offered to stipulate to remand if plaintiff would agree not to name the proposed individual defendants, but plaintiff declined. (*Id.* at 5–6.) Defendant confusingly argues that this interaction is evidence that plaintiff is bringing this motion to amend simply to destroy this court's diversity jurisdiction. (*Id.*) In addition, defendant states that, on or about December 30, 2025, proposed individual defendant Korry Tobin approached plaintiff at work and asked if plaintiff intended to sue him personally, to which plaintiff apparently responded that he did not intend to sue Tobin personally. (*Id.* at 4–5.) Defendant does not explain how plaintiff's alleged statement suggests an improper motive for a motion that was filed approximately two months later. Even if the court were to consider these purported statements, it appears to the court that if plaintiff's true motive was simply to return to state court, he would have accepted defendant's proposed stipulation and withdrawn his motion rather than insist on joining the proposed individual defendants. Regardless, courts "have permitted joinder even where the plaintiff appears to be motivated primarily by a desire to defeat diversity jurisdiction, so long as the plaintiff has alleged a valid claim against the non-diverse defendant." *Garcia v. Walmart Inc.*, No. 5:26-cv-04175-PCP, 2026 WL 2224222, at *5 (N.D. Cal. Aug. 3, 2026) (noting that the more significant consideration under § 1447(e) is whether the proposed defendant is a legitimate party to the litigation); *see also Mar. v. Total Renal Care Inc.*, No. 4:24-cv-05079-TOR, 2024 WL 4291483, at *3 (E.D. Wash. Sept. 25, 2024) (finding the defendant's "evidence" that the plaintiff's motive for joinder was improper unpersuasive in light of the plaintiff's allegations in the amended complaint which appeared to have merit).

"the original and first amended complaints are substantially similar." *Clinco*, 41 F. Supp. 2d at 1083 (noting that the FAC only added one sentence to the plaintiff's first cause of action, slightly altered the sixth cause of action, and contained descriptions of the new defendants). Here, as delineated above, plaintiff proposes to allege two new causes of action and limited additional factual allegations with respect to the proposed individual defendants, as well as additional causes of action and factual information specific to the current defendant. (Doc. No. 11-1 at ¶¶ 66–70, 72–73, 83–88, 103–113, 134–149, 152–156, 164–184.) These are far more than minor or insignificant changes to the complaint. *See Forward-Rossi*, 2016 WL 3396925, at *4 ("[P]laintiff seeks to add two additional claims that, while relying on many of the same facts, are conceptually distinct from her . . . existing claims.").

This factor weighs neutrally. Plaintiff had knowledge of the removal and provided a limited explanation for his delay in seeking joinder, which tends to suggest plaintiff may have an improper motive. However, the changes in his proposed FAC suggest his motive is not solely to defeat diversity and, as discussed further below, plaintiff has stated a facially valid claim against the proposed individual defendants. *See Serrano v. Garfield Beach CVS, LLC*, No. 17-cv-00506-BRO-DTB, 2017 WL 8220439, at *4 (C.D. Cal. July 6, 2017) (finding this factor neutral when the court could not definitively say the sole purpose of joining the non-diverse defendant was to defeat diversity).

5. Validity of Plaintiff's Claims Against the Non-Diverse Defendant

The fifth factor asks whether the claims brought against the new defendant appear valid and meritorious. *See Freeman v. Cardinal Health Pharmacy Servs., LLC*, No. 2:14-cv-01994-JAM, 2015 WL 2006183, at *2–4 (E.D. Cal. May 1, 2015). "The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under [§] 1447(e)." *Westberg v. FCA US LLC*, No. 1:18-cv-01509-BAM, 2019 WL 3500559, at *3 (E.D. Cal. Aug. 1, 2019) (internal citation and quotation marks omitted). "For the purposes of joinder under § 1447(e), a plaintiff's claim need only be facially viable—the claim need not be plausible nor stated with particularity." *Reyes*, 2020 WL 7224286, at *8 (citing *Dordoni*, 2020 WL 6082132, at *5).

In his proposed FAC, plaintiff alleges a cause of action for harassment in violation of government code §§ 12940 *et seq.*, against all defendants. (Doc. No. 11-1 at ¶¶ 103–113.)

Individuals may be held liable for harassment under FEHA. *See* Cal. Gov. Code § 12940(j)(1) and (j)(3) (prohibiting workplace harassment by employers on various bases, including age and disability and making employees who perpetrate harassment personally liable). To state a claim for harassment under FEHA, plaintiff must allege: (1) membership in a protected group; (2) being subjected to harassment because of this membership; and (3) harassment "so severe that it created a hostile work environment." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) (citing *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 87 Cal.Rptr.2d 132, 980 P.2d 846 (1999)).

> The working environment must be evaluated in light of the totality of the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. The required level of severity or seriousness varies inversely with the pervasiveness or frequency of the conduct. [S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) are not sufficient to create an actionable claim of harassment.

*Bailey v. San Francisco Dist. Attorney's Off.*, 16 Cal. 5th 611, 628 (2024) (internal citations omitted).

Plaintiff's proposed FAC includes factual allegations that proposed individual defendants Robbie Gorman, Marco Paoli, Greg Sisson, and Marco Luquin were his supervisors at the relevant time, that Eric Wafford was a "Lead," and that Korry Tobin was a co-worker. (Doc. No. 11-1 at ¶¶ 68, 75–76.) As discussed above, plaintiff alleges that all of the proposed individual defendants made remarks regarding plaintiff's age, such as suggesting that he should retire and calling him old. (*Id.* at ¶¶ 75–78.) Plaintiff alleges that these comments were made in the presence of "supervisor(s) or managers, who did not take any corrective action," and that these comments caused plaintiff significant stress and created a hostile work environment. (*Id.* at ¶¶ 77–79.)

/////

Defendant does not clearly argue that plaintiff's claim is not facially viable. Rather, defendant argues that inquiries about retirement without evidence of coercion, hostility, or linkage to adverse decisions, do not support age-based animus.[3] (Doc. No. 14 at 9.)

While plaintiff does not allege how often these statements were made, these allegations are sufficient for purposes of stating a facially viable claim. *See Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 709 (N.D. Cal. 2014) (denying the defendant's motion to dismiss for failure to state claim for age based harassment under FEHA because the plaintiff alleged that her supervisor "made a series of mean-spirited age-related insults and comments over the course of two years which could plausibly interfere with the reasonable employee's ability to focus and maintain composure at work"); *cf. Tuens v. U.S. Bank Nat'l Ass'n*, No. 20-cv-03459-JST, 2020 WL 5893406, at *5 (N.D. Cal. Oct. 5, 2020) (finding that a single remark suggesting the plaintiff retire was insufficient to state a claim for harassment but finding that joinder of the non-diverse defendant was proper because the plaintiff could allege additional facts which would make the claims viable). Consideration of this factor therefore weighs in favor of permitting joinder.

6. <u>Prejudice to Plaintiff</u>

Finally, the last factor courts consider in determining whether to permit joinder of a non-diverse party after removal is whether the plaintiff will "suffer undue prejudice if the Court chooses not to exercise its discretion to allow joinder." *Boon*, 229 F. Supp. 2d at 1025 (finding that this factor weighed against permitting such joinder where the plaintiff alleged a different type of claim, requiring mostly different evidence, against the joined defendant so that maintaining a state action would not unreasonably burden judicial economy). In this context, prejudice to a

---

[3] Defendant also argues that the declarations of four of the proposed individual defendants contradict plaintiff's allegations because they state that they never commented on plaintiff's age or retirement plans. (Doc. No. 14 at 10.) Courts considering the § 1447(e) factors "are not limited to the four corners of the complaint or proposed amended complaint and may consider evidence bearing on the propriety of joinder." *Garcia*, 2026 WL 2224222, at *1. However, defendant does not explain how this purportedly contradictory evidence negates what would be an otherwise facially viable claim given the applicable standard at this stage of the litigation. In addition, the court construes ambiguities in the plaintiff's favor. *See Vaca v. Costco Wholesale Corp.*, No. 22-cv-03895-RSW-LRAO, 2023 WL 2536722, at *5 (C.D. Cal. Mar. 16, 2023) (construing an ambiguous question of fact regarding causation in the plaintiff's favor when analyzing the viability of the plaintiff's claim).

plaintiff "exists if the proposed defendant is 'crucial' to the case" and "does not exist if complete relief can be afforded without that defendant." *McCarty v. Johnson & Johnson*, No. 1:10-cv-00350, 2010 WL 2629913, at *9 (E.D. Cal. June 29, 2010).

As discussed above, there is a possibility that plaintiff may not be afforded complete relief if the proposed individual defendants are not joined because he has sought the award of punitive damages against them. Further, plaintiff's proposed claim against the proposed individual defendants arose out of the same set of circumstances as his claims asserted against defendant. (Doc. No. 11-1 at ¶¶ 66–88.) If the court were to deny joinder, plaintiff would be forced to proceed with separate litigation against the proposed individual defendants in state court. *See Arias v. McLane FoodService Distribution, Inc.*, No. 8:24-cv-02385-FWS-ADS, 2025 WL 736616, at *4 (C.D. Cal. Jan. 6, 2025) ("Where claims against parties sought to be joined in an action arise out of the same factual circumstances, it is in the economic benefit of all parties and the judicial system to have the entire controversy adjudicated only once and to force the plaintiffs to proceed with expensive litigation in state court against the putative defendant would create avoidable prejudice." (quoting *Gonzalez v. Ford Motor Co.*, 2021 WL 4786452, at *4 (C.D. Cal. Oct. 14, 2021))). Consideration of this factor also weighs in favor of joinder.[4]

/////

---

[4] Defendant argues that it and the proposed individual defendants will be prejudiced if the court allows joinder. (Doc. No. 14 at 11.) While the § 1447(e) factors do not require the court to consider prejudice to the opposing party, the court may consider such prejudice pursuant to Rule 15(a). "[T]he Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Id.* (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). "Prejudice is generally mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred." *Calderon v. Tulare Reg'l Med. Ctr.*, No. 1:17-cv-0040-BAM, 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018) (citing *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 187–88 (9th Cir. 1987)). Here, in the court's view defendants will not experience undue prejudice because this case is still in the early stages of litigation and plaintiff's amendments do not significantly alter the nature of the litigation as they arise out of the same operative facts, and the added claims are brought pursuant to FEHA, as were most of plaintiff's original claims. (Doc. Nos. 11-1 at ¶¶ 90–184.) *See Jones v. Schneider Nat'l Carriers, Inc.*, No. 12-cv-01421-JGB-OP, 2013 WL 12439019, at *4 (C.D. Cal. Jan. 28, 2013) (finding there was not undue prejudice to the defendant where the evidence supporting the original claims and the new claims was similar).

7. Weighing the Factors

In considering all six § 1447(e) factors, the court finds that this case presents a somewhat close call as to whether joinder should be permitted, with three factors pointing towards permitting joinder but to varying degrees, two factors weighing neutrally, and one factor pointing against permitting joinder. There is little guidance from the Ninth Circuit as to how a court should weigh these factors against each other and, as a result, some courts assign each factor equal weight, and some do not. *See McNamara v. Wells Fargo Bank, N.A.*, No. 18-cv-07962-MWF-AGR, 2018 WL 6435323, at *5 (C.D. Cal. Dec. 7, 2018) (permitting joinder where the majority, or four of the six factors, weighed in favor of doing so); *Righetti v. Shell Oil Co.*, 711 F. Supp. 531 (N.D. Cal. 1989) (determining that giving weight only to the timing, validity of claims, and prejudice factors in analyzing joinder under § 1447(e) was appropriate); *see also Jackson v. Dollar Tree Distribution, Inc.*, No. 18-cv-02302-PSG-SK, 2018 WL 2355983, at *7 (C.D. Cal. May 23, 2018) (finding that the two factors regarding plaintiff's lack of delay and assertion of one "potentially valid" claim against the joined defendant outweighed the other four factors). In the absence of a clearly applicable standard, the court will consider each factor to have approximately equal weight and concludes that on the whole they suggest permitting joinder in this case, although not overwhelmingly so.

Plaintiff's joinder of the proposed individual defendants is therefore proper, and the court will exercise its discretion to permit amendment of the complaint and joinder in this action. By granting plaintiff's motion to amend his complaint, complete diversity of citizenship will no longer exists.

**B. Request to Remand**

Defendant removed this action to this federal court alleging diversity of citizenship. (Doc. No. 1 at ¶ 1.) Under 28 U.S.C. § 1332, federal courts have jurisdiction on the basis of diversity of citizenship if the matter is between citizens of different states and the amount in controversy exceeds $75,000. Plaintiff states in his proposed FAC that the proposed individual defendants are California residents. (Doc. No. 11-1 at ¶¶ 3–7.) Defendant does not dispute that the proposed

/////

individual defendants are non-diverse. (Doc. No. 14 at 7.) Once plaintiff files his FAC, the court will remand this action to the Siskiyou County Superior Court due to a lack of subject matter.

**CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to amend his complaint (Doc. No. 11) is GRANTED; and
2. Within fourteen (14) days from the date of entry of this order, plaintiff is directed file his first amended complaint, as proposed in his motion.

IT IS SO ORDERED.

Dated: **September 30, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE